IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**DOUGLAS PROVOST,**

      **Plaintiff,**

v.     2:08-cv-02488-JDT-cgc

**CORRECTIONS CORPORATION
OF AMERICA, et al.,**

      **Defendants.**

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL**

Before the Court is Plaintiff Douglas Provost's Motion to Compel. (D.E. #32). The instant motion was referred to United States Magistrate Judge Charmiane G. Claxton for determination. (D.E. #38). For the reasons set forth herein, Plaintiff's Motion is GRANTED IN PART AND DENIED IN PART.

**I. Introduction**

Plaintiff Douglas Provost, prisoner number 330182, is currently incarcerated at the CCA/Lee Adjustment Center in Beattyville, Kentucky, which is managed by Correction Corporation of America ("CCA"). Plaintiff is committed to the custody of the Vermont Department of Corrections after being convicted of four counts of first degree murder. State v. Provost, 179 Vt. 337, 896 A.2d 55 (2005). Pursuant to an agreement between the State of Vermont and CCA, Plaintiff was housed at West Tennessee Detention Facility ("WTDF") in Mason, Tennessee for an unspecified time.

On July 14, 2008, Plaintiff filed a pro se Complaint pursuant to 42 U.S.C. § 1983 concerning

his previous confinement at WTDF. Plaintiff asserts that CCA and certain employees at WTDF deprived him of his Fifth and Fourteenth Amendment right to due process and his Eighth Amendment protection against cruel and unusual punishment when he was placed in segregation for eleven months, allegedly without cause and with knowledge that the continued segregation was unlawful. On January 13, 2009, the Court entered an Order dismissing Plaintiff's Complaint against CCA, Defendant Mills, and Defendant Hensley and dismissing Plaintiff's Eighth Amendment claims against all Defendants.

On June 29, 2009, Plaintiff filed a Motion to Compel, asserting that Defendants had not provided timely responses to his discovery requests. On July 14, 2009, Defendants responded by serving the responses on Plaintiff on that date and asking the Court to find that the motion is now moot. United States District Judge James D. Todd denied the Motion to Compel as moot, but he noted that Defendants did not provide any explanation for failing to serve their responses within the specified time period and instructed Defendants to be more mindful of the timeliness of their responses during the pendency of this case.

On August 18, 2009, Plaintiff filed a second Motion to Compel, which asserted that Defendants late-filed responses to his discovery requests were inadequate. Defendants responded on September 11, 2009, asserting that their responses were complete and that Plaintiff is not entitled to further discovery. On September 28, 2009, Plaintiff filed a Response to Defendant's Response in Opposition to Plaintiff's Motion to Compel, but Plaintiff did not request leave of court as required. This motion to compel is presently before the Court.

**II. Analysis**

Under Section 1983, "[e]very person who, under color of any statute, ordinance, regulation,

custom, or useage, of any State . . . subjects, or causes to be subjected, and citizen of the United States . . . the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983. The Due Process Clause of the United States Constitution, as alleged to be violated in the instant case, "does not protect every administrative slight that occurs behind prison walls." Harden-Bey v. Rutter, 524 F.3d 789 (6th Cir. 2008). Rather, it requires process only when a "life, liberty, or property" interest is at stake. Id. (citing U.S. Const. amend. XIV, § 1).

Generally, when the principal objection as to the deprivation of liberty is an inmate's confinement in a prison cell, the government has already given the incarcerated person the protections to which he or she is entitled—namely, "a trial in compliance with the due process and other constitutional guarantees applicable to crime and punishment." Id. However, even after a proper conviction and sentence, an inmate still retains a liberty interest, guarded by due process, with respect to state-imposed prison discipline that rises to the level of an "atypical and significant hardship on the inmate." Id. (quoting Sandlin v. Conner, 515 U.S. 472, 484 (1995)).

To implicate a cognizable liberty interest in the prison setting, the discipline must be unusual and substantial "in relation to the ordinary incidents of prison life." Id. Courts should consider both the nature of the placement in segregation along with the duration of the segregation to determine whether a cognizable liberty interest is implicated and, if so, whether the government has given the inmate the protection to which he or she is due. Id. (citing Wilkinson v. Austin, 545 U.S. 209, 213, 224 (2005); Sandin, 515 U.S. at 486-87).

With respect to permissible discovery, Rule 26 of the Federal Rules of Civil Procedure,

3

"[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or

defense of any party."  Fed. R. Civ. P. 26(b)(1).  Relevant evidence must appear "reasonably

calculated to lead to the discovery of admissible evidence."  Id.  The scope of discovery is both

broad and liberal, Hickman v. Taylor, 329 U.S. 495, 507 (1947), and is "within the broad discretion

of the trial court," Lewis v. ABC Business Servs., Inc., 135 F.3d 389, 402 (6th Cir. 1998).  The

Court will now turn to consideration of each of the disputed interrogatories and requests for

production.

### A.  Interrogatories 1 and 2

In Interrogatory 1, Plaintiff requests that Defendants state their full names and all other

names by which they have been known, provide how long they have been in their positions, and

their complete education history.  In Interrogatory 2, Plaintiff requests Defendants' complete

employment history "as leading to this position as employed at this facility" and "a general

description of your employment duties prior to employment."

Defendants respond that prisoners bringing § 1983 claims are prohibited under the Prison

Litigation Reform Act ("PLRA") from discovering certain personal information concerning prison

personnel.  See Act Oct. 21, 1998, P.L. 105-227, § 101(b) [Title I, § 127]. 112 Stat. 2681-74.

Specifically, this supplemental provision to the PLRA provides as follows:

> Notwithstanding any other provision of law, in any action brought by a prisoner
> under section 1979 of the Revised Statutes (42 U.S.C. 1983) against a Federal, State,
> or local jail, prison, or correctional facility, or any employee or former employee
> thereof, arising out of the incarceration of that prisoner—
>
> (2) the home address, home telephone number, social security number, identity of
> family members, personal tax returns, and personal banking information of a person
> described in paragraph (1), and any other records or information of a similar nature
> relating to that person, shall not be subject to disclosure without the written consent
> of that person, or pursuant to a court order.

4

Id.

Upon review, the Court finds that the information requested by Plaintiff is not the type of sensitive personal information prohibited from discovery under the PLRA. Specifically, Plaintiff has not requested any address, social security number, identity of family member, or financial information. Instead, Plaintiff seeks general information about the names of the Defendants and their basic employment history. Therefore, the Court will require Defendants to provide their full names any other names by which they have been known and how long they have been in the respective employment positions. However, the Court finds that Defendants' complete educational history, complete employment history, and a general description of Defendants' duties prior to employment with CCA is not relevant and not reasonably likely to lead to the discovery of admissible evidence.

### B. Interrogatory 3

In Interrogatory 3, Plaintiff asks "whether you are aware of the rules, regulations or other policies and the material used; and what qualifications are needed as employees and the background of the policy, regulations or rules under the system used for segregation purposes." Defendants respond that the request overly broad and is unclear because it "asks at least three questions but is presented in a singular, confusing manner." Furthermore, Defendants argue that Plaintiff does not limit the CCA facility that he is inquiring as to, nor limit the time period in which he inquires.

First, the Court agrees that Interrogatory 3 contains multiple inquiries. As to the first inquiry, Plaintiff asks whether Defendants are aware of the rules, regulations, policies, and materials used. Plaintiff does not specify to which rules, regulations, policies, or materials he is referring. Thus, the Court finds that this request is overly broad and vague. Further, as discussed, *infra*, Plaintiff asks

5

a similar question in Interrogatory 4 regarding whether Defendants are familiar with the rules, regulations and policies governing the segregation of inmates, and Defendants have already responded affirmatively to that inquiry.

Next, Plaintiff's Interrogatory 3 requests "what qualifications are needed as employees." The Court finds that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, and further that it is overly broad. Accordingly, Defendants shall not be required to respond to this request.

Finally, Plaintiff's Interrogatory 3 requests "the background of the policy, regulations or rules under the system used for segregation purposes." In the present case, the background of any regulations is not at issue, and such a history of the development of such regulations is not reasonably calculated to lead to the discovery of admissible evidence. Rather, the case is concerned with how Plaintiff's liberty was or was not implicated, irrespective of how any policies were created. Thus, the Court finds that this inquiry is not reasonably calculated to lead to the discovery of admissible evidence, and Defendants shall not be required to respond to this request. In sum, Defendants are not required to respond to any of the inquiries listed in Plaintiff's Interrogatory 3.

### C. *Interrogatory 4*

In Interrogatory 4, Plaintiff asks Defendants to state "whether you [sic] familiar with these rules, regulations or policies governing the segregation of inmates at the facility; state whether you have reviewed the procedures to manage inmates at the facility." Defendants respond that they "are aware of the procedures surrounding the segregation of an inmate"and assert that this statement adequately respond Plaintiff's request. The Court finds that Defendants have adequately answered

the question posed in Interrogatory 4, and the Court finds that no further response to Interrogatory 4 is necessary.

### D. *Interrogatory 5*

In Interrogatory 5, Plaintiff asks Defendants to state "whether you have provided to any person any verbal or written statement or reports in any form if the facts and circumstances of the plaintiff's segregation." Defendants respond that Plaintiff is "already in possession of the statements he seeks as he has made such statements exhibits" in the record. Defendants further argue that "[a]ny response to this broad and unlimited question would include material protected by the attorney-client privilege and/or the attorney work product doctrine."

The Court finds that Plaintiff's Interrogatory 5 is reasonably calculated to lead to the discovery of admissible evidence, as it pertains to the "facts and circumstances of the plaintiff's segregation." Although Defendants correctly assert that Plaintiff is in possession of certain responsive statements, Defendants' response does not affirm that no other statements are responsive to Plaintiff's discovery request. Thus, the Court orders Defendants to either provide any further statements that are responsive or to affirm that Plaintiff is in possession of all statements responsive to the request.

With regard to Defendants' claim of attorney-client privilege and attorney work product protection, the Court's instructions shall not require Defendants to provide any such privileged material. However, pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendants shall be required to specifically "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(ii).

### E.  *Interrogatory 6*

In Interrogatory 6, Plaintiff asks Defendants to "state the manner of the relationship to an individual inmate's rights as to segregation of inmate's due process."  Defendants respond that this interrogatory "appears to attempt to force [them] to make a legal argument and engage in a legal analysis as to Plaintiff's claim."  Defendants further argue that the interrogatory is unclear and confusing.  Upon review, the Court cannot determine with certainty what Plaintiff requests in this interrogatory.  Accordingly, Defendants shall not be required to respond further to Interrogatory 6.

### F.  *Interrogatory 7*

In Interrogatory 7, Plaintiff asks "whether these individuals who are trained in the day to day operations of the segregation unit to this facility?"  Defendant respond that it is unsure of what Plaintiff is seeking and that they do not know how to respond to the interrogatory.  Upon review, the Court cannot determine with certainty what Plaintiff requests.  Accordingly, Defendants shall not be required to respond further to Interrogatory 6.

### G.  *Interrogatory 10*

In Interrogatory 10, Plaintiff asks that Defendants "list in detail all rules, policies or regulations that are used in the management of inmates in the segregation units."  Defendants respond that the request is overly broad, burdensome, and is unlimited in time and scope.  Further, Defendants state that "the information that the Plaintiff is requesting has already been made part of the record by him."  Upon review, the Court finds that Interrogatory 10 is reasonably calculated to lead to the discovery of admissible evidence, as it directly pertains to how inmates are managed while in segregation.  Accordingly, Defendants shall be required to respond to Interrogatory 10.

### *H. Interrogatory 13*

In Interrogatory 13, Plaintiff requests as follows:

Please state if you or any other person on your behalf has obtained statements in any form from any person regarding any of the events or happenings referred to in this complaint. For each statement, please state the name and address and position of this person within the department of the person giving the statement, the date of the statement, the form of the statement, the person taking the statement and that whether [sic] you or your attorneys have a copy, recording or any E-Mails or Electronic Case Notes displaying these statements.

Defendants respond that this information "includes materials protected under the attorney client privilege as well as the attorney work product doctrine."

Upon review, the Court finds that statements regarding the events of the complaint are reasonably calculated to lead to the discovery of admissible evidence. Thus, Defendants shall be required to provide any such statements as are not privileged. Defendants shall also be required to provide the name and position of the person giving the statement, the date of the statement, the form of the statement, and the name of the person taking the statement. However, Defendants shall not be required to provide the address of any such person, as this is expressly prohibited by the PLRA. See Act Oct. 21, 1998, P.L. 105-227, § 101(b) [Title I, § 127]. 112 Stat. 2681-74. Likewise, Defendants shall not be required to disclose whether they or their attorneys "have a copy, recording or any E-Mails or Electronic Case Notes displaying these statements," because this is not a relevant discovery inquiry.

With regard to Defendants' claim of attorney-client privilege and attorney work product protection, the Court's instructions shall not require Defendants to provide any such privileged material. However, pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendants shall be required to specifically "describe the nature of the documents, communications, or tangible things

not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(ii).

### I. Interrogatory 14

In Interrogatory 14, Plaintiff requests that Defendants "state whether you kept at the time of and/or following this incident any E-mails, logs, staff contact forms within the institutional file, and forms of each time the plaintiff spoke to your employees of this matter or the electronic notes depicting this incident." Defendants respond that the request is overly broad, unduly burdensome, and is not reasonably limited in time or scope. Additionally, Defendants seek information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Upon review, the Court finds that this request is reasonably calculated to lead to the discovery of admissible evidence. Further, the Court finds that the interrogatory is limited in time, scope, and subject to "this matter" and "this incident." Accordingly, the Court ORDERS Defendants to respond to Interrogatory 14.

### J. Interrogatory 17

In Interrogatory 17, Plaintiff requests that Defendants "state what significant section of law or rule, policy and regulation used [sic] to segregation the plaintiff during this incident." Defendants respond that this request "is an attempt to force an interpretation of a rule or law, that it is overly broad, and is unduly burdensome." Additionally, Defendants state that Plaintiff has introduced certain documents as exhibits in the record that are responsive to this request, and Defendants argue that "these documents answer the question as to what was considered in placing the Plaintiff in segregation."

Upon review, the Court finds that Defendants should not be required to engaged in any legal

10

analysis of Plaintiff's claims. Thus, the Court will not require Defendants to respond to what "section of law" they relied upon in Plaintiff's segregation. However, Plaintiff's request as to what rule, policy and regulation was used to segregate him during the incident is an appropriate discovery request that is reasonably calculated to lead to the discovery of admissible evidence. Although Defendants state that Plaintiff has already introduced certain documents that are responsive to this request, Defendants did not affirm that no other statements are responsive to Plaintiff's discovery request. Thus, the Court orders Defendants to either provide any further information responsive to this request or to affirm that Plaintiff is in possession of all statements responsive to the request.

### K. *Request for Production 1*

In Request for Production 1, Plaintiff requests "copies of all the notes, electronic case notes, Correctional Forms, and E-Mails . . . pertaining to this incident described in the preceding Interrogatories." Defendants respond that certain responsive documents have already been made part of the record by Plaintiff. Further, Defendants argue that this request is overly broad, unduly burdensome and not limited in time in or scope, as the request covers approximately twelve months as well as any other documents relating to the matter prior to or since Plaintiff's segregation.

Upon review, the Court finds that the request is reasonably calculated to lead to the discovery of admissible evidence related to Plaintiff's segregation. The fact that certain responsive documents have already been made part of the record by Plaintiff is irrelevant, as Defendants still have a duty to fully respond to this interrogatory. Further, the Court does not find that this request for production is overly broad, unduly burdensome, or unlimited, as Plaintiff expressly states that he requests such documents "pertaining to this incident." The "incident" discussed throughout Plaintiff's Complaint and his other papers in this case is his segregation. Accordingly, the Court

11

ORDERS Defendants provide any further information responsive to the request that has not already been made part of the record by Plaintiff. Defendants shall not be required to provide any information contained in the reports that is not discoverable to inmates under the PLRA or other provisions of law.

### L.  Request for Production 2

In Request for Production 2, Plaintiff requests "[a]ny documentation of any component that this program treatment is designated for in the rehabilitation/ treatment of the plaintiff for the crime he is serving his sentence on." Defendants object that the request is vague and confusing and that it is irrelevant and not reasonably calculated to lead the discovery of admissible evidence. Further, Defendants state that the request is overly broad, unduly burdensome, and not reasonably limited in time or scope. Finally, Defendants state that the request is vexatious and designed to harass and create unnecessary and burdensome work which will in turn lead to unnecessary legal fees. Upon review, the Court cannot determine with certainty what Plaintiff requests in this request. Accordingly, Defendants shall not be required to respond to Request for Production 2.

### M.  Request for Production 3

In Request for Production 3, Plaintiff requests "any documentation of any journals, substantial date reports or other information that would be you or on your behalf during your employment as employees of CCA." Defendants respond that the request is vague and confusing, that Plaintiff has made certain responsive material part of the record, that the request is overly broad, unduly burdensome, and is not reasonably limited in scope or time. Defendants further object that "portions of this request which seek current information . . . is irrelevant to the issue at bar." Upon review, the Court cannot determine with certainty what Plaintiff requests in this request.

Accordingly, Defendants shall not be required to respond to Request for Production 3.

### N. *Request for Production 4*

In Request for Production 4, Plaintiff requests "copies of any logs, statistics or data kept on this program or any other information in the tracking of the programs [sic] success rate per group." Defendant responds that the request is overly broad and not reasonably limited in time and scope, that the request for current information is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence, and that the request is vexatious and designed to harass and create unnecessary and burdensome work which will in turn lead to unnecessary legal fees.

Upon review, the Court finds that any inquiry of the "success rate per group" is not reasonably calculated to the discovery of admissible evidence. Plaintiff's case does not hinge upon the "success" or lack thereof of any segregation policies; instead, Plaintiff's case pertains solely to whether his segregation was lawful and constitutional. Accordingly, Defendants shall not be required to respond to Request for Production 4.

### O. *Request for Production 5*

In Request for Production 5, Plaintiff requests "copies of the entire electronic case notes on the plaintiff from the time of the plaintiff's entrance to the Segregation unit to date without any portions blocked, [sic] this would also include any reports in the plaintiff's institutional file." Defendants respond that the request is overly broad, as it pertains to over four years worth of information from July 14, 2005 when Plaintiff entered segregation. Additionally, Defendants argue that the request is not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendants argue that Plaintiff has already made "applicable documents" part of the record as exhibits, and that none of his submitted documents "have portions blocked out."

13

Upon review, the Court finds that the instant request for Plaintiff's entire institutional file while incarcerated is overly broad and unduly burdensome. Further, the Court has already required Defendants to respond to Request for Production 1, which requests "copies of all the notes, electronic case notes, Correctional Forms, and E-Mails . . . pertaining to this incident described in the preceding Interrogatories." Therefore, Plaintiff will gain through Request for Production 1 all of the evidence reasonably calculated to lead to the discovery of admissible evidence, without the need for the voluminous and unduly burdensome responses that Request for Production 5 would entail. Accordingly, the Court will not require Defendants to respond to Request for Production 5.

### P. *Request for Production 6*

In Request for Production 6, Plaintiff requests "the log of incoming attorneys that visited the plaintiff during the time of the plaintiff [sic] segregation time at this facility." Defendants respond that the request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, as Plaintiff has no pending claims as to limited access to the courts or limited access to counsel.

Upon review, the Court finds that Plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence. The Court agrees that Plaintiff has not alleged that he was denied access to the court or to counsel to bring forth his grievances regarding segregation. Accordingly, the Court will not require Defendants to respond to Request for Production 6.

### Q. *Request for Production 7*

In Request for Production 7, Plaintiff requests "any documents that were used to place the plaintiff into segregation from the very beginning to the time he was transferred to another facility under different circumstances each time." Defendants assert that Plaintiff has already made "all

14

relevant documents part of the record."

Upon review, the Court finds that this Request for Production is reasonably calculated to lead to the discovery of admissible evidence as to Plaintiff's segregation. Although Defendants state that Plaintiff has made certain documents part of the record, Defendants do qualify this by stating that Plaintiff has made all "relevant" documents part of the record. To avoid any confusion, the Court will require Defendants to produce *all* documents responsive to this request, whether Defendants believe they are "relevant" or not. Accordingly, Defendants are ORDERED to respond to Request for Production 7.

### R. *Request for Production 8*

In Request for Production 8, Plaintiff requests "all policies, rules and regulations as used to justify the manner of segregation of the plaintiff in this action." Defendants respond that Plaintiff has already introduced certain responsive documents into the record, as well as other supporting documentation. Upon review, the Court finds that this request is reasonably calculated to lead to the discovery of admissible evidence. Further the Court finds that the fact that Plaintiff has introduced certain responsive documents in the record is irrelevant, as Defendants must still respond fully to the request for production. Accordingly, Defendants are ORDERED to respond to Request for Production 8.

### III. Conclusion

For the reasons set forth herein, Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART. Defendants are hereby ORDERED to respond to all interrogatories and requests for production as required by this Order within thirty days of the entry of this Order.

**IT IS SO ORDERED** this 27th day of January, 2010.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
